Ordonez v NY Developers & Mgt., LLC
2026 NY Slip Op 03176
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilmer Ordonez, appellant,
v
NY Developers & Management, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2024-12756, (Index No. 700842/22)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (The Law Office of Michael James Prisco PLLC, Massapequa, NY, of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Paul J. Winterstein of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated October 30, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
In January 2022, the plaintiff commenced this personal injury action against the defendants, 310 Grand Concourse, LLC (hereinafter Grand Concourse), and NY Developers and Management, LLC (hereinafter NY Developers), alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff alleged that on November 15, 2021, he was working at an elevation at a construction site owned by Grand Concourse when he fell and sustained injuries. NY Developers allegedly was the general contractor for the work performed at the construction site. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated October 30, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and general contractors for failing to provide safety devices necessary to protect workers from risks inherent in elevated work sites when that failure is a proximate cause of a plaintiff's injuries" (Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1301). The statute protects against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "In determining the applicability of the statute, 'the single decisive question is whether [the] plaintiff's injuries were the direct consequence of [the] failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Lemus v New York B Realty Corp., 186 AD3d 1351, 1352, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "Summary judgment is not appropriate on a cause of action alleging a violation of Labor Law § 240(1) where there is a triable issue of fact as to the manner in which the accident occurred" (Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 855).
In support of his motion, the plaintiff submitted, among other things, transcripts of his deposition testimony and that of the onsite project manager employed by NY Developers. These transcripts, however, conflicted as to the manner in which the accident occurred and the height of the elevation from which the plaintiff allegedly fell. Under these circumstances, the plaintiff failed to eliminate all triable issues of fact (see Castillo v Hawke Enters., LLC, 222 AD3d 827, 829; Giannas v 100 3rd Ave. Corp., 166 AD3d at 855). Accordingly, the plaintiff failed to meet his prima facie burden, and the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court